FILED
SUPERIOR COURT
OF GUAM

2024 FEB 20 PM 3: 55

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS, | Special Proceedings Case No.: SP0083-22 |
| Petitioner, | |
| vs. | |
| GUAM CIVIL SERVICE COMMISSION, | **DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT ON WRIT OF PROHIBITION** |
| Respondent, | |
| vs. | |
| JOSEPH CRUZ II, | |
| Real Party in Interest. | |

The Court reviews the Department of Corrections' (DOC) Motion for Summary Judgment on its Petition for a Writ of Prohibition. Based on the Civil Service Commission's (CSC) failure to follow rules governing its function and its allowance of the unlawful practice of law, the Court grants DOC's Motion for Summary Judgment, except as to the issues regarding the CSC's compliance with the Administrative Adjudication Law and compensation of lay representatives.

## I.      PROCEDURAL BACKGROUND

This proceeding began with DOC's filing of both a Petition for Judicial Review and a Petition for Writ of Prohibition based on the CSC's handling of Joseph Cruz II's appeal regarding the termination of his employment with the DOC. DOC subsequently filed motions for summary judgment on both its Petition for Judicial Review and Petition for Writ of Prohibition. The Court held a hearing on both Motions and then disposed of the Petition for Judicial Review. *See* Dec. and Order Granting Petr's Mot. Summ. J. (Oct. 5, 2023).



ORIGINAL

This Decision and Order addresses the summary judgment motion for the Petition for a Writ of Prohibition. DOC argued that the CSC exceeded its jurisdiction by:

1. Denying DOC the opportunity to address whether Cruz mitigated his damages, thereby violating DOC's due process rights and denying DOC its right to determine the true measure of its liability, and thereby impermissibly favored Cruz;

2. Awarding attorney fees where no attorney had been retained, and no attorney fees were requested;

3. Violating the Open Government Law by awarding attorney fees without deliberating in public as to the issue;

4. Failing to follow its own rules regarding "Lay Representatives" when the CSC permitted Koss to appear as a "Lay Representative" even though Koss was compensated for so serving;

5. Failing to have its rules comply with the Administrative Adjudication Law; and

6. Permitting the unlicensed practice of law in CSC proceedings.

In addition, DOC argued that the CSC repeatedly has failed to ensure CSC proceedings are fair, impartial, and conducted in accordance with the law.

The CSC did not oppose the motion and restated its non-opposition when the Motion hearing began. Min. Entry (Aug. 31, 2023). Later in the hearing, the CSC repeated its standing arguments raised and previously denied by this Court in its October 5, 2023 Decision and Order. It also raised conclusory policy arguments that having a license to practice law is not at issue and that the Attorney General, representing the DOC, is attempting to deny low-income individuals representation. *Id.* The CSC did not raise any arguments or dispute the facts as provided by DOC.

Finally, upon the conclusion of the hearing and the Court's further review of the arguments in this matter, the Court determined it was appropriate to invite amicus briefs based on the potentially broad-ranging implications of an order concerning lay representatives and lack



of appearance in this matter by individuals and entities who may be impacted. The Court thus issued an Order Inviting Amicus Briefs and directed the Clerk of Court to publicize the Order to potentially interested parties. The Clerk of Court published the Order Inviting Amicus Briefs on the Court's website and forwarded it to the Guam Bar Association for distribution. Decl. Sophia S. Diaz (Jan. 31, 2024). No amicus briefs were filed.

## II.     UNDISPUTED FACTS

The following facts are undisputed based on the record before the Court:

1. On March 4, 2021, the DOC terminated Cruz's employment. V. Pet. ¶ 9 (June 17, 2022); CSC Answer ¶ 1 (July 11, 2022).

2. Cruz appealed his termination to the CSC on March 9, 2021, in a matter styled, "In the Matter of Joseph Cruz, II v. Department of Corrections, Adverse Action Appeal Case No. 21-AA03T." V. Pet. ¶ 12; CSC Answer ¶ 1.

3. Robert Koss appeared before the CSC as a Lay Representative on behalf of Cruz. V. Pet. ¶ 95; CSC Answer ¶ 1.

4. Koss has been and will be compensated by the Guam Federation of Teachers Union (GFT) for appearing in the CSC proceedings as a Lay Representative for Cruz, as well as for meeting with Cruz, preparing pleadings, and arguing motions. V. Pet. ¶¶ 94, 95, 96; CSC Answer ¶ 1.

5. Koss is not licensed to practice law in Guam; before, during, and after the CSC proceedings, the CSC was aware Koss was not licensed to practice law and that he was compensated for his services as a Lay Representative. V. Pet. ¶ 184; CSC Answer ¶ 1.

6. The CSC permitted Koss to appear as a Lay Representative. V. Pet. ¶ 184; CSC

ORIGINAL

Answer ¶ 1.

7. DOC objected to Koss's representation, which it considered as the unlicensed practice of law. V. Pet. ¶ 167; CSC Answer ¶ 1.

8. Koss filed a "Motion to Void for Violation of 4 GCA 4406 (the 90 day rule) and Lack of Jurisdiction," citing to law and applying the law, including provisions of the Guam Code Annotated, to the facts of the case. Decl. Heather Zona, Ex. A (July 5, 2022). The motion sought to have the adverse action that terminated Cruz be declared null and void. V. Pet. ¶ 34; CSC Answer ¶ 1.

9. The CSC held a hearing on the matter on May 10, 2022. Decl. Zona, Ex. B. At the hearing, Koss made various arguments applying law to the facts, including jurisdiction and timeliness, and citing cases, statutes, and rules. *Id.* The CSC then deliberated on that matter and voted to grant the motion. V. Pet. ¶¶ 34, 40, 41; CSC Answer ¶ 1.

10. The motion did not seek attorney's fees, and the CSC did not deliberate on the issue at the public hearing on May 10, 2022. V. Pet. ¶ 139; CSC Answer ¶ 1.

11. After the hearing, Koss submitted a proposed Decision and Judgment to the CSC. Decl. Zona, Ex. C.

12. On June 9, 2022, at the public hearing, the CSC signed the proposed Decision. The Decision ordered Cruz's reinstatement, back pay, benefits, and attorney's fees. V. Pet., Ex A at 4. However, the award of back pay, benefits, and attorney's fees was not requested in the motion Koss filed on Cruz's behalf. V. Pet. ¶¶ 54, 58, 59, 60; CSC Answer ¶ 1.

13. The CSC did not deliberate on the issue of whether Cruz should be awarded

**ORIGINAL**

attorney's fees at the public hearing on May 10, 2022, and there is no evidence Cruz retained an attorney for the proceeding. V. Pet. ¶¶ 135-37, 139, 150; CSC Answer ¶ 1.

14. DOC requested a mitigation hearing but the CSC did not respond to DOC's request. V. Pet. ¶¶ 127, 129, 130; CSC Answer ¶ 1.

## III.    LAW AND DISCUSSION

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(1)(A). The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

A writ of prohibition arrests the proceedings of a tribunal when the proceedings are without or in excess of that tribunal's jurisdiction. 7 GCA § 31301. For the issuance of a Writ of Prohibition there are three requirements: "(1) proceedings without or in excess of a tribunal's jurisdiction; (2) the petitioner is without a plain, speedy, and adequate remedy at law; and (3) the petitioner is a beneficially interested party."[1] *People v. Laxamana*, 2001 Guam 26 ¶ 8. The petitioning party bears the burden of justifying the issuance of a writ of prohibition. *In re Duque v. Superior Court (Rios)*, 2007 Guam 15 ¶ 8.

---

[1] It is undisputed that the DOC is a beneficially interested party.

ORIGINAL

### A.     The CSC acted in excess of its jurisdiction.

### 1.     The CSC allowed the unlawful practice of law.

The Organic Act provides that the Supreme Court of Guam shall govern the practice of law on Guam. 48 U.S.C. §1424-1. The practice of law includes "[a]ctivities which relate to the rendition of service for others that call for the professional judgment of an attorney," "[r]epresenting any other person or advising any other person as to any lawsuit or action before any court, board, agency, or administrative tribunal, except as allowed [by this rule]," "[p]reparation for another of court documents to be filed before a judicial tribunal," and "[a]cts which would constitute the practice of law under the common law, except as [allowed by this rule]." 7 GCA § 9A215(b). One exception is "[t]o appear, at no charge to the employee, before the Civil Service Commission or other administrative body, including autonomous agencies, to represent an employee of the government of Guam in actions relating to such employee's government service, or to a grievance." 7 GCA § 9A215(c)(16). This exception is limited to lay representation of an individual before the CSC and does not include drafting legal documents and making legal arguments.

In the CSC proceeding, Koss drafted the Motion that ultimately disposed of the proceeding. In the Motion he cited various sources of law, including the Guam Code Annotated, and applied those legal authorities to the facts of the case. Similarly, at the argument on the Motion, Koss cited various sources of law, including statutes, cases, and rules, and applied those legal authorities to the facts of the case. Further, upon the conclusion of the hearing, Koss submitted a proposed Decision and Judgment for the matter. These actions go far beyond lay representation and cannot be distinguished from the actions of an attorney. While a non-attorney



may represent an individual before the CSC, this representation is limited and does not grant them a general license to practice law before the administrative tribunal.

When facing similar situations, courts in other jurisdictions have reached the same conclusion. For example, in *West Virginia Dep't of Health and Human Resources v. C.P.*, the Supreme Court of Appeals of West Virginia found a non-attorney committed the unauthorized practice of law where he appeared before an administrative tribunal and represented an agency by arguing legal conclusions from fact, conducting cross examinations, and discussing evidence. 857 S.E.2d 622 (W. Va. 2021). In reaching this conclusion, the West Virgina Supreme Court focused on the conduct of the non-attorney, differentiating between the legal and factual arguments made by the non-attorney. *Id.* Similarly, the Ohio Supreme Court, citing to the rules in its jurisdiction, has differentiated between the appropriate use of lay representatives in workers compensation settings and where their actions result in the unlawful practice of law. *Ohio State Bar Ass'n v. Chiofalo,* 858 N.E.2d 378 (Ohio 2006); *Cleveland Bar Ass'n v. CompManagement, Inc.,* 818 N.E.2d 1181 (Ohio 2004). In *Chiofalo,* the Ohio Supreme Court applied its ruling in *CompManagment* and held that "[b]y arguing statutory provisions and case law, construing the text to advance [an individual's] case, and interpreting the weight, significance, and credibility of evidence presented, the [non-lawyer] acted well beyond the standards for non-lawyer representation during the [administrative] proceeding." *Chiofalo,* 858 N.E.2d at 380.

Finally, the Court takes this opportunity to address some of the concerns raised by the CSC. First, the Court previously denied the CSC's jurisdictional arguments; thus, the issue of the unlawful practice of law is properly before the Court. Second, the CSC's concerns that the Attorney General is attempting to bar low-income individuals from representation does not resonate with this Court. The Attorney General's arguments—now adopted by the Court—have



merely been to ensure the CSC abides by the law. Moreover, the Court finds that allowing individuals to be represented by non-attorneys acting as attorneys is far more harmful and not in the public's interest.

### 2.     The CSC impermissibly denied the DOC a mitigation hearing.

Mitigation of damages should be considered in cases where an employee appeals their termination. *Haeuser v. Dep't L.*, 2005 Guam 14. Here, the DOC requested a mitigation hearing to address this issue, and the CSC ignored the request, depriving the DOC of an opportunity to mitigate its liability. Moreover, the CSC awarded Cruz back pay and benefits with no indication that the amounts were reduced or impacted by mitigating information. Therefore, the Court finds that the CSC impermissibly denied DOC an opportunity to be heard on mitigation.

### 3.     The CSC exceeded its jurisdiction by awarding attorney's fees where no attorney was retained, fees were not requested, and the award was not deliberated in public.

In order to recover attorney's fees before the CSC, the employee must retain an attorney to represent him in the proceeding. 4 GCA § 4406.1. Moreover, the Open Government Law requires public agencies to have their meetings open to the public and all voting must be conducted at such meetings. 5 GCA § 8111(c), (d). Here, the CSC awarded Cruz attorney's fees when an attorney never represented him in the proceeding, he never requested attorney's fees, and the issue of attorney's fees was not addressed during a public hearing. As a result, the CSC either granted Cruz attorney's fees by failing to include the correct information in their order or by violating the Open Government Law.

### 4.     The Court does not have sufficient information to make a determination on the issue of whether the CSC exceeded its jurisdiction by violating its own rules barring the compensation of Lay Representatives.

As just noted, the CSC cannot award attorney's fees to compensate lay representatives.



However, it is unclear what the CSC's role is regarding the compensation of Koss and whether the CSC's rules would allow it to bar anyone, including employers, from compensating lay representatives such as Koss for their CSC appearances. Therefore, the Court declines to determine whether the CSC violated its rules by allowing Koss to appear before it while being compensated by the GFT.

### 5. The CSC did not fail to comply with the Administrative Adjudication Law regarding the effective date of the Decision and Judgment.

"The rules of the [CSC] are subject to the Administrative Adjudication Law." 4 GCA § 4409. The Supreme Court has specifically stated that this includes all provisions of the Administrative Adjudication Law. *Guam Police Dep't. v. Guam Civ. Serv. Comm'n*, 2020 Guam 12 ¶¶ 18, 19. The Administrative Adjudication Law provides that a "decision shall become effective thirty (30) days after it is delivered or mailed to respondent . . . or the agency orders that the decision shall become effective sooner . . ." 5 GCA § 9233. The CSC has promulgated their Rules of Procedure for Adverse Action Appeals which provides that a judgment "becomes final and effective [] on the date a majority of the Commissioners sign the judgment . . ." CSC R. Proc. Adverse Action App. 11.7.5.

The CSC issued it final order adjudicating this matter with a document entitled "Decision and Judgment." The Decision and Judgment provided that it became effective immediately. Since the Administrative Adjudication Law allows the agency to declare a decision effective sooner than thirty (30) days, the Court finds the immediate effective date appropriate. However, the Court has concerns that the CSC has conflated the terms "decision" and "judgment" and intended for all decisions to become effective immediately, as provided by the CSC's rule on judgments, which would contradict the Administrative Adjudication Law. However, as the rule


ORIGINAL

is currently written, it does not contradict the Administrative Adjudication Law, and the Court therefore denies summary judgment on this issue.

### 6. The CSC failed to ensure its proceedings were fair, impartial, and conducted in accordance with law.

Based on the various issues discussed above, the CSC's proceedings were not conducted fairly and impartially and in accordance with the law. Moreover, the Court takes this opportunity to note the role that the CSC's allowance of the unlawful practice of law played in the procedural issues. The CSC's endorsement of a lay representative serving as an attorney in every manner, except official title, contributed to various procedural errors and prejudiced the DOC.

### B. The DOC is without a plain, speedy, and adequate remedy at law.

The DOC provides that they do not have a plain, speedy, and adequate remedy because "the CSC has already rendered a final decision and because the CSC already had permitted the unlicensed practice of law in this matter despite DOC's objection thereto." V. Pet. ¶ 6. The CSC brought a Motion to Dismiss in this matter arguing that the Court lacked jurisdiction and later reiterated similar arguments at the hearing on this motion. However, the Court has already issued a Decision and Order denying the CSC's jurisdictional arguments on this matter.

Additionally, the Court addresses the preventative nature of a writ of prohibition, and that a writ of prohibition is not a remedial measure. *Laxamana*, 2001 Guam 26 ¶ 10. Although the language of the Verified Petition notes that a final decision has been rendered by the CSC, this Petition for Writ of Prohibition was filed in conjunction with a Petition for Judicial Review which the Court has since granted and will result in the remanding of this matter upon the issuance of this decision. Therefore, the Court finds that the DOC is without a plain, speedy, and adequate remedy at law to address the various acts by the CSC in excess of its jurisdiction.



## IV.    CONCLUSION; ORDER; AND WRIT OF PROHIBITION

Based on the CSC's actions discussed above, the Court GRANTS DOC's Motion for Summary Judgment except as to the effective date of the Decision and Judgment and Koss's compensation by GFT. The Court will separately issue a Writ that prohibits the CSC from violating the Open Government Law, permitting the unlicensed practice of law in CSC proceedings, violating CSC rules and other applicable laws regarding the appearance of Lay Representatives in CSC proceedings; and denying DOC's right to fair and impartial hearings in compliance with applicable law.

**SO ORDERED 20 Feb. 2024.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Office of the Attorney General for Petitioner Department of Corrections
Eric D. Miller, Esq., & Katherine M. Nepton, Esq., Civil Service Commission, for Respondent
    Civil Service Commission
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C., for Real Party in Interest Joseph Cruz II

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG  CSC
J. WALSH

Date: 2/21/24  Time: 10:49

_____
Deputy Clerk, Superior Court of Guam

ORIGINAL